**CHRISTIANSEN et al. v. U. S. GYPSUM CO.**

Civil Action No. 5371.

District Court, N. D. Ohio, W. D.

March 19, 1946.

Edward Lamb and Stephen A. Mack, both of Toledo, Ohio, for plaintiffs.

Arnold F. Bunge, of Marshall, Melhorn, Wall & Bloch, all of Toledo, Ohio, and Scott, Mac Leish & Falk, of Chicago, Ill., for defendant.

KLOEB, District Judge.

Plaintiffs seek to recover under the provisions of the Fair Labor Standards Act of 1938, 29 U.S.C.A. § 201 et seq., for alleged overtime during a period of their employment between November 13, 1942, and November 13, 1945.

The question before the Court is whether the plaintiffs are exempt from the operation of the Act because of employment in a bona fide executive or administrative capacity as such terms are defined in the Administrator's Regulations, Sections 541.1 and 541.2.

During the period of time under inquiry, plaintiff Christiansen served as Maintenance Foreman of defendant's paper mill in supervision over 70 employees, and during a portion of that time carried the title of Acting Superintendent of the paper mill. When not serving as Acting Superintendent, he worked as Maintenance Foreman under the Superintendent. He received from $57.50 per week to $70 per week. As Maintenance Foreman he had complete supervision and control over work which involved an expenditure of approximately $37,000 to $38,000 per year over a ten year period.

From the record in this case, I am satisfied that plaintiff Christiansen is exempt from the operation of the Act under the provisions of Section 541.2 as an employee employed in a bona fide administrative capacity as defined by the Administrator in Paragraphs (a) (2) and (3).

I have paid particular attention to and have analyzed the testimony with regard to the character of the work performed by plaintiff Christiansen under the provisions of Section 541.1 and particularly paragraph (f) of that Regulation. I am convinced, after an analysis of this testimony, that the manual work performed by plaintiff Christiansen, and which he testified amounted to substantially 50% of each workweek, did not amount to anywhere near such a percentage. I am not convinced that the plaintiff was employed 20% of his time in such manual work. Such manual work as

the plaintiff performed was incidental to his chief occupation as Maintenance Foreman, and was performed by him, not through compulsion, or because such labor was designated by his superiors as a necessary part of his employment, but because he chose to undertake it. His position was not that of a "working foreman." I am convinced that if plaintiff were to be classified as a plain mechanic he would be the first to rebel against such a classification. If a substantial part of his time actually has been taken in manual work as a mechanic, then he has been highly overpaid for the services performed. It is quite obvious that he has been paid for what he knows and for that which his skill and experience commands, not for the manual labor that he actually performed in each workweek.

Plaintiff Christiansen properly comes within all the provisions of Section 541.1 as an executive employee and is therefore exempt also under the provisions of this section.

 Plaintiff Porter received a salary of $200 per month as Chief Engineer in defendant's power plant from April 16, 1942, to January 1, 1943, when his pay was increased to $225 per month, and again on July 1, 1943, his pay was increased to $250 per month, which latter salary he received up to the close of the period in question.

As Chief Engineer, Porter, during the period under inquiry, supervised and directed the work of three operating engineers, two licensed firemen, one unlicensed fireman, a coal passer and a repairman. He was in full charge of the power plant under the general supervision of Mr. Coyle, who had no office in the main power plant, but did have an office about a city block away.

Mr. Porter fits within the administrative definition of an employee employed in a bona fide administrative capacity, Section 541.2, paragraphs (a) (2) and (3).

I have carefully examined the record in its disclosures as to the duties and responsibilities of plaintiff Porter, and I am convinced that he also comes within the provisions of Section 541.1 defining an executive employee.

In the case of Walling, Adm'r v. General Industries Co., D.C., 60 Fed.Supp. 549, a case recently decided in the Eastern Division of the Northern Ohio judicial district, the trial Judge was convinced that the three operating engineers who were plaintiffs in that case met the requirements of Section 541.1 of the Regulations, and were therefore exempt from the provisions of the Act. Plaintiff Porter served as Chief Engineer and under his supervision were three operating engineers, as well as other employees in the power plant.

From the record in this case, I must conclude that both plaintiffs are exempt from the operation of the Act as administrative and executive employees.

The complaint is, therefore, dismissed.

The defendant may prepare and file Findings of Fact and Conclusions of Law, drawn in accordance with this memorandum, within five (5) days; plaintiffs may have five (5) days thereafter to file their suggested additions or exceptions thereto.